UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**CHRISTOPHER JAMES**,

    Petitioner,                                       Civil No. 2:06-CV-10558
                                                 HONORABLE DENISE PAGE HOOD
v.                                                     UNITED STATES DISTRICT JUDGE

**BLAINE LAFLER**,

    Respondent,
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

        Christopher James, ("petitioner"), presently confined at the St. Louis Correctional Facility in St. Louis, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for assault with intent to commit murder, MICH. COMP. LAWS § 750.83; and felony-firearm, MICH. COMP. LAWS § 750.227b. For the reasons stated below, the application for writ of habeas corpus is **DENIED.**

**I.  Background**

        Petitioner pleaded guilty to the above charges in the Wayne County Circuit Court as part of a plea agreement. Petitioner was sentenced to prison on August 19, 2004. Petitioner subsequently moved to withdraw his guilty plea, which was denied on November 10, 2004.

        Petitioner's conviction was affirmed on appeal. *People v. James,* No. 259673 (Mich.Ct.App. February 28, 2005); *lv. den.* 474 Mich. 900; 705 N.W. 2d 123 (2005). Petitioner now seeks the issuance of a writ of habeas corpus on the following ground:

> It was clear error for the circuit court to deny appellant's motion to withdraw his plea because he is entitled to withdrawal of his guilty plea where the factual basis is insufficient to support his felony

conviction for assault with intent to murder.

## II. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case . . . ." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

## III. Discussion

Petitioner contends that his guilty plea to the charge of assault with intent to commit murder should be set aside because the court failed to elicit a sufficient factual basis on this charge prior to accepting his plea of guilty.

The failure of a state court to elicit a factual basis before accepting a guilty plea does not provide a ground for federal habeas relief. *Meyers v. Gillis*, 93 F. 3d 1147, 1151 (3rd Cir. 1996). There is no federal constitutional requirement that a factual basis be established to support a guilty plea. *Holtgreive v. Curtis,* 174 F. Supp. 2d 572, 582 (E.D. Mich. 2001). Although M.C.R. 6.302(D)(1) requires that a factual basis must be elicited from a defendant prior to accepting his or her guilty plea, no federal constitutional issue is raised by the failure of a Michigan trial court to comply with a state law or court rule concerning establishing the factual basis of a guilty plea. *Holtgreive,* 174 F. Supp. 2d at 582. "[T]he requirement that a sentencing court must satisfy itself that a sufficient factual basis supports the guilty plea is not a requirement of the Constitution, but rather a requirement created by rules and statutes." *United States v. Tunning,* 69 F. 3d 107, 111 (6th Cir.1995). Violations of state law and procedure that do not infringe specific federal constitutional protections are not cognizable claims under § 2254. *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991). Thus, petitioner's claim that the trial court failed to establish a sufficient factual basis to support his guilty plea does not provide a basis for federal habeas relief, because there is no federal constitutional requirement that a factual basis supporting a guilty plea be established, or that the defendant admit factual guilt, so long as the plea is intelligently and voluntarily made. *Holtgreive,* 174 F. Supp. 2d at 583. Petitioner is therefore not entitled to habeas relief on this claim. [1]

---

[1] Respondent has suggested that this Court decline to review petitioner's claim under the concurrent sentence doctrine, because petitioner was convicted in a separate case of first-degree murder and felony-firearm. The concurrent sentence doctrine allows a federal court to decline to review habeas corpus petitions "which challenge criminal convictions that have resulted in sentences, and other collateral consequences, which are wholly subsumed by those conferred by other unassailable convictions." *Wilson v. Straub,* 185 F. Supp. 2d 766, 769 (E.D. Mich. 2002). However, a federal district court should exercise its discretion to decline to review a habeas

**IV.    ORDER**

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is

**DISMISSED WITH PREJUDICE.**

                                                        /s/ Denise Page Hood  
                                                       **DENISE PAGE HOOD**  
Dated: October 30, 2006                      United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 30, 2006, by electronic and/or ordinary mail.

                                                        S/William F. Lewis  
                                                        Case Manager

---

claim under the concurrent sentence doctrine only in cases where it is clear that there are no collateral consequences to petitioner and the issue does not involve a significant question that merits consideration. *Id.* "Application of the concurrent sentencing doctrine is now disfavored, and is the exception rather than the rule." *Smith v. Herbert,* 275 F. Supp. 2d 361, 367 (S.D.N.Y. 2003). The Court declines to invoke the concurrent sentence doctrine, because petitioner could still obtain reversal of his murder and felony-firearm convictions in the state or federal courts.